IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| **KAREN ALLEN,** | ) | |
| | ) | |
| Plaintiff, | ) | **CIVIL ACTION NO.:** |
| | ) | **2:20-cv-01013** |
| v. | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| **PROVIDENCE EARLY** | ) | |
| **CHILDHOOD LEARNING** | ) | |
| **ACADEMY, LLC,** | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

COMES NOW the Plaintiff, Karen Allen (hereinafter "Ms. Allen" or "Plaintiff"), by and through her attorneys of record, and files this Complaint against the Defendant, Providence Early Childhood Learning Academy, LLC (hereinafter "Providence" or "Defendant"), and states as follows:

### INTRODUCTION

1. This is an action under Title I of the Americans with Disabilities Act of 1990, as amended by the ADA Amendments Act of 2008, 42 U.S.C. § 12101 et seq., ("ADA"), to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Plaintiff.

2. As alleged with particularity below, Defendant discriminated against Plaintiff, a qualified female with a disability, and it retaliated against Plaintiff for engaging in her rights under the ADA, ultimately terminating Plaintiff in violation of the ADA.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this cause of action pursuant to 28 U.S.C. §§ 1331 and 1343. This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12117(a).

4. Plaintiff timely filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC"), Charge Number 420-2020-00851. (Attached to this Complaint as Exhibit A).

5. On September 9, 2020, the EEOC issued Plaintiff a Notice of Right to Sue. (Attached to this Complaint as Exhibit B).

6. Plaintiff has timely filed this action within ninety (90) days of her receipt of the Notice of Right to Sue.

7. This action is brought within the judicial district wherein the unlawful employment practices were committed, making venue proper under 28 U.S.C. § 1391(b).

## PARTIES

8.      Plaintiff was more than nineteen (19) years old at the time of the events in question and is currently a resident of Montgomery County in the State of Alabama.

9.      Defendant Providence Early Childhood Learning, LLC is an Alabama company with a principal place of business located at 3410 Kessinger Drive, Montgomery, Alabama 36116.

10.     At all relevant times, Defendant has continuously been doing business in the State of Alabama and the City of Montgomery in this District and has continuously had at least 15 employees among its various locations.

11.     At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Sections 101(5) and 101(7) of the ADA, 42 U.S.C. §§ 12111(5).

12.     At all relevant times, Defendant has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## STATEMENT OF FACTS

13.     In or around March 2018, Ms. Allen was hired by Defendant as a Pre-K4 Teacher at the Montgomery, Alabama location.

14.     In or around May of 2019, Ms. Allen was hospitalized and diagnosed with sepsis.

15. Ms. Allen reported this hospitalization and diagnosis to Providence's Assistant Director, Sylvia Kay ("Ms. Kay").

16. Ms. Allen remained hospitalized for approximately two weeks.

17. Upon returning to work following her hospitalization, Ms. Allen was informed by Providence on numerous occasions that she was going to be moved to a different classroom.

18. More specifically, Providence was seeking to move Ms. Allen to a classroom with younger children.

19. Ms. Allen informed Providence that, due to her recent illness/disability of sepsis, she was suffering from a compromised immune system and susceptible to recurrent sepsis.

20. Ms. Allen further informed Providence that being moved to a classroom with younger children increased Ms. Allen's likelihood at a recurrent bout of sepsis.

21. As an accommodation request in light of her disability, Ms. Allen asked to be permitted to remain in her current classroom.

22. Providence ignored Ms. Allen's accommodation request to remain in her current classroom, required Ms. Allen move to a classroom with younger children, and caused Ms. Allen mental stress/anxiety by placing her in fear of a recurrent episode of sepsis.

23. Following her accommodation request, Ms. Allen experienced further retaliation.

24. For example, Ms. Allen's hours were reduced to part-time.

25. Additionally, Providence's Director began asking Ms. Allen for a medical release allegedly "required" before Ms. Allen would be permitted to return to work.

26. Ms. Allen had already provided a note from her physician stating Ms. Allen was released to return to work – which was provided on Ms. Allen's own accord and before Providence had requested any such type of documentation from Ms. Allen.

27. Providence claims the form it now sought was required by the State's Department of Human Resources in order for an employee to be permitted to return to work at a childcare/daycare facility following an illness.

28. However, Ms. Allen had already been permitted to return to work for approximately a week; the form was sought only after Ms. Allen requested to stay in her current classroom in light of her disability.

29. About a week following her return to work, Ms. Allen became ill while working at Providence and had to be transported to the hospital from Providence by ambulance.

30. Ms. Allen was admitted for a second hospitalization that same day.

31. Upon her release, Providence again sought the "required" release.

32. Ms. Allen submitted the requested form to her treating physician and informed Providence that the form was submitted to her physician.

33. While awaiting the form from Ms. Allen's physician, Providence continued to retaliate against Ms. Allen.

34. Ms. Allen reported this ongoing harassment, retaliation, and/or discrimination on or about June 24, 2019, inquiring whether Providence was "going to punish [Ms. Allen] because an ambulance had to be called."

35. Ms. Allen also informed Providence that same day that its employees had informed Ms. Allen that she was moved to a different classroom "because [she had] been so sick," and that Ms. Allen "[felt] like [she was] being punished for being sick."

36. The following day, or on or about June 25, 2019, Ms. Allen reported to Providence that she felt like "[her] hours ha[d] been cut into part time help because [she] got extremely sick."

37. At one point, Ms. Allen went so far as to tell Providence that "[they] are just trying to make [her] quit."

38. When Ms. Allen would not resign despite Providence's discrimination, harassment, and retaliation, Providence terminated her on or about June 30, 2019.

39. Providence claimed it terminated Ms. Allen for refusing to return the "required" release despite its knowledge that Ms. Allen had submitted it to her physician for completion.

40. Providence was aware of such submission, as Ms. Allen conveyed to it her physician's request for a different format (as the one provided to Ms. Allen (and thus Providence) was a photograph).

41. Providence claimed the physician letter was insufficient as the State allegedly required a specific form be completed by the physician in order for Ms. Allen to be permitted to return to work.

42. Upon information and belief, the allegedly "required" release form sought by Providence is not, in fact, required by the State's Department of Human Resources for returning to work at a childcare/daycare facility following an illness.

## COUNT ONE
## (DISCRIMINATION BASED UPON DISABILITY)

43. Plaintiff re-alleges and incorporate the preceding paragraphs and subsequent factual averments of this Complaint as if fully set forth herein.

44. Plaintiff is a qualified individual with a disability under the ADA, 42 U.S.C. §§ 12102 and 12111(8).

45. Plaintiff has/had a disability that substantially impaired a major life activity.

46. In the alternative, Defendant regarded Plaintiff as having a disability by subjecting her to an adverse employment action when it failed to provide a reasonable accommodation for Plaintiff's actual or perceived temporary disability of sepsis-related complications requiring two hospitalizations in close proximity.

47. Defendant's change in Plaintiff's job responsibilities, change in terms and conditions of her employment, and ultimately, termination, on the basis of Plaintiff's disability constituted discrimination on the basis of disability.

48. Defendant's refusal to accommodate Plaintiff also constitutes discrimination on the basis of disability.

## COUNT TWO
### (RETALIATION IN VIOLATION OF THE ADA)

49. Plaintiff re-alleges and incorporates the preceding paragraphs and subsequent factual averments of this Complaint as if fully set forth herein.

50. As detailed in the previous factual averments, Plaintiff has been discriminated against, singled out, and treated differently than similarly situated employees because of her disability in violation of the ADA.

51. Defendant has engaged in unlawful retaliatory practices in violation of 42 U.S.C. § 12203(a) by removing job responsibilities, changing terms/conditions of her employment, imposing artificial requirements upon her in order to allow her to return to work, harassing, and/or neglecting to address reported incidences of harassment and retaliation from Plaintiff.

52. The treatment by Defendant affected the terms, conditions, and enjoyment of Plaintiff's employment and her right to be free of discrimination based upon her reporting disability discrimination.

53. The actions and/or omissions of Defendant, as described above, were done with malice and/or reckless indifference to the federally protected rights of the Plaintiff.

54. The reckless and willful discrimination on the part of the Defendant constitutes a violation of the Plaintiff's statutory rights pursuant to 42 U.S.C. § 12203(a).

55. The Defendant's conduct proximately caused Plaintiff to suffer a loss of income and benefits, embarrassment, humiliation, loss of reputation, emotional distress, and mental anguish for which she claims damages.

56. Plaintiff has no plain, adequate, or complete remedy at law to redress the wrongs alleged herein, and this suit for back pay, front pay, compensatory damages, punitive damages, attorneys' fees, an injunction and declaratory relief is her only means of securing adequate relief.

57. Plaintiff is now suffering and will continue to suffer irreparable injury from Defendant's unlawful practices unless Defendant is enjoined by the Court.

## **PRAYER FOR RELIEF**

**WHEREFORE**, the foregoing averments considered, Plaintiff demands judgment against the Defendant as follows:

(A) Declaratory judgment that Defendant's employment practices, policies, procedures, conditions and customs are violative of the rights of the Plaintiff as secured by the ADA.

(B) Grant the Plaintiff a permanent injunction enjoining the Defendant, its agents, successors, employees, and those acting in concert with the Defendant and at the Defendant's request from continuing to violate the ADA;

(C) Order Defendant, their agents, owners, and employees to institute and carry out policies, practices and programs which provide equal employment opportunities which eradicate the effects of its past and present unlawful employment practices, including implementing a consistent policy against discrimination and retaliation in the workplace.

(D) Order Defendant to make Plaintiff whole by providing appropriate front pay, back pay and other monetary relief as may be available to her, including damages for her mental and emotional distress, embarrassment, humiliation and trauma.

(E) Award Plaintiff her compensatory and punitive damages under the laws of the Constitution of the United States.

(F) Award Plaintiff her costs and expenses in prosecuting this action, including an award of reasonable attorneys' fees.

(G) Award such other relief that this Court deems just and proper under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff demand trial by struck jury of all issues in this Complaint.

Respectfully Submitted,

*Dustin Kittle*
Dustin J. Kittle (ASB-8250-T68K)
Ashley M. Posey (ASB-4176-I61D)
*Attorneys for Plaintiff Karen Allen*

**OF COUNSEL:**

**HUMBLE LAW, LLC**
3112 Blue Lake Drive, Suite 100
Birmingham, Alabama 35243
Tel: (205) 358-3100
Fax: (205) 358-3033

**DEFENDANT TO BE SERVED VIA CERTIFIED MAIL:**
**Providence Early Childhood Learning Academy, LLC**
**ATTN: James Maddox**
404 Prestwick Drive
Dothan, Alabama 35305